COMEY & JOHNSON CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11133. Promulgated September 12, 1927.

> Amounts withdrawn by an officer of a corporation held to represent a *bona fide* account receivable and a part of invested capital of the corporation.

*Franklin G. Parks, Esq.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes for the fiscal year ended November 30, 1919, in the amount of $9,359.50. Two errors were assigned in the petition, one of which was the fact that the respondent declined to compute the profits tax under section 328 of the Revenue Act of 1918. This assignment of error was waived at the hearing, leaving in issue only the question whether the invested capital should be reduced by the amount of $37,465.06, representing money withdrawn from the corporation by the principal stockholder.

#### FINDINGS OF FACT.

The petitioner is an Ohio corporation, organized in September, 1905. Its principal office is at Cleveland. It is engaged in the business of manufacturing ladies' straw and felt hats.

George P. Comey was president and principal stockholder. Comey owned 334 shares of the 500 shares of capital stock outstanding during the fiscal year 1919. Other persons owned 166 shares or 33.2 per

cent of the outstanding capital stock. In 1905 Comey owned 372 shares. In 1905 his percentage of stock ownership was 74.4 per cent; at January 1, 1919, it was 66.8 per cent, and it was the same percentage at the end of 1919.

Early in the history of the petitioner corporation Comey began the practice of withdrawing such monies as he might need from time to time for his personal use. The amount of these withdrawals varied. At regular monthly periods the withdrawal account of Comey would be credited with the amount of his authorized monthly salary, which salary during the fiscal year ended November 30, 1919, was fixed at $25,000 per annum.

The corporation constantly authorized the payment of dividends, and the dividends payable on the shares of stock held by Comey were credited to his account on the books of the corporation. This practice was followed from the date of the organization of the corporation up to and including the fiscal year ended November 30, 1919. At the close of the fiscal year ended November 30, 1919, the debit balance in the withdrawal account of Comey amounted to $37,465.06. From the close of the fiscal year ended November 30, 1919, up to and including the fiscal year ended November 30, 1924, no dividends were declared by the corporation, and at the close of the fiscal year ended November 30, 1923, the debit balance of Comey's withdrawal account increased from $37,465.06 to $122,000. The amount of $37,465.06 was the average monthly balance due by Comey to the corporation during the fiscal year 1919. In January, 1924, the indebtedness due by Comey to the corporation was satisfied in full by the payment of $75,000 in cash and a note for the balance, which was subsequently paid.

Prior to 1905 Comey inherited from his father's estate several hundred thousand dollars, which was not invested in the corporation.

Statements submitted by the corporation to the bank from which it obtained credit, show by notation that the commercial paper of the corporation was endorsed by Comey. Balances due the corporation by Comey were included among the corporation's assets and also in statements submitted the county taxing authorities. Comey acknowledged his indebtedness to the corporation. No other officer or stockholder of the corporation withdrew any amounts in excess of salaries or dividends credited to their account. Comey promised to repay the amounts he withdrew and acquiesced in crediting to the account salaries and dividends due him until he had paid the balance of the account in 1924. No interest was paid on the balance due by Comey.

In determining the deficiency, the respondent excluded from invested capital of the petitioner the amount of $37,465.06, which was the average monthly balance during the fiscal year due by Comey to the corporation on account of the withdrawals.

TRAMMELL: The question to be determined is, Was Comey indebted to the corporation in the amounts stated during the fiscal year 1919, or were the amounts that he withdrew distributions of profits?

In determining this question all the facts and circumstances in the case must be considered. The evidence shows that since the time of the organization of the corporation in 1905, Comey had been withdrawing, for his own personal use, various amounts from the corporation. His salary of $25,000 per year and dividends had been credited to the account, and subsequent to the taxable year involved $75,000 in cash was paid by Comey and a note given for the balance of the account. Comey recognized his liability to the corporation and was financially able to pay the amounts withdrawn. All of the facts, taken together, convince us that the amounts withdrawn by Comey were not distributions of profits but represented *bona fide* indebtedness to the corporation. The withdrawals were not to be counterbalanced merely by subsequent dividends. The amount of salary was also credited against that account and the account was finally adjusted by a cash settlement. As also indicative of the fact that the amounts did not represent distributions of profits or dividends, no other stockholder received or withdrew amounts in excess of salary or dividends credited to him. It would not seem reasonable that one stockholder, owning a substantial amount of stock, would permit another stockholder to withdraw money from the corporation in excess of his pro rata share of dividends and his salary unless there was to be an accounting to the corporation for such amounts.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*

Considered by MORRIS, SIEFKIN, and SMITH.